IN THE UNITED STATES DISTRICT COURT
FOR NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE ON WHATSAPP ACCOUNT 52-638-105-1269 | Misc. No. _____<br><br>**Filed Under Seal at Level II** |

**APPLICATION**

The United States of America, moving by and through Assistant United States Attorney Debra M. Walsh, its undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the WhatsApp, Inc. (WhatsApp") electronic messaging service account 52-638-105-1269 (the "Subject Account") with unknown subscriber information believed to be used by Javier Santillanes-Guerrero.  In support of this application, the United States asserts:

    1.     This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

    2.     Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency."  18 U.S.C. § 3122(b).

3.	The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4.	The law enforcement agency conducting the investigation is the Drug Enforcement Administration.

5.	The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration of possible violations of Title 21, United States Code, section 841(a)(1)- Distribution of a Controlled Substance and Title 21 United States Code, sections 841(a)(1) and 846 – Conspiracy to Distribute a Controlled Substance by Santillanes-Guerrero and other unknown individual(s).

6.	This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(1).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  18 U.S.C. § 3127(2)(A)(i).]

## ADDITIONAL INFORMATION

7.	Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts.  The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8.	A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3).  A "trap and trace device" is

"a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to communications sent over the Internet, as described below.

10. WhatsApp is a United States company that is the provider of a wire and electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510. Specifically, WhatsApp provides an Internet-based multimedia messaging service, WhatsApp Messenger, via a cross-platform smartphone application that enables users to communicate with each other via text, voice, and video.[1] Users can also exchange recorded audio and video messages, photos and other files, and their location. The smartphone application can be paired with the WhatsApp Web or Desktop services to achieve similar functionality from other devices. Communication with other users over WhatsApp requires Internet access.

11. Each WhatsApp account has a unique account identifier in the form of a verified telephone number. These phone numbers are used by WhatsApp users to identify the intended recipient of the messages that they send as well as the sender of messages that they receive; they are like the telephone numbers of incoming outgoing calls because they indicate both origin and destination(s). These telephone numbers/account identifiers can be recorded by a pen/trap device and can be used to identify parties to a communication without revealing the communication's content.

---

[1] The information in this section is based on information published by WhatsApp on its public websites, including, but not limited to, the following webpages: https://www.whatsapp.com/features ("WhatsApp Features"); https://faq.whatsapp.com ("WhatsApp FAQ").

12. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a laptop or smartphone) requests information from a second device (such as WhatsApp servers hosting data relating to the subscriber's account), the requesting device specifies its own IP address so that the responding device knows where to send its response. In other words, when a user logs into their WhatsApp account or takes an action while logged in, the user's device transmits the IP address assigned to it to WhatsApp servers as part of its communication. This IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

13. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header, which contains routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size. Source and destination port numbers are also included in specific fields within the headers of data packets and are used to route data packets either to a specific device or a specific process running on a device. When combined with the source and destination IP addresses, this routing information identifies the source device transmitting an IP packet and the destination device receiving the IP packet, and it is possible to record it via a pen/trap device without capturing the communication's content.

14. The conduct being investigated involves use of the WhatsApp account 52-638-

105-1269.  To further the investigation, investigators seek to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).

## GOVERNMENT REQUESTS

15.     For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from the WhatsApp account 52-638-105-1269, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information.  The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

16.     The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

17.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in

furtherance of this Order.

18.     The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order to provide such necessary information, facilities, and technical assistance so that the Drug Enforcement Administration begins to receive the information described above no later than 14 days after service of the Order upon WhatsApp.

19.     The United States further requests that the Court order WhatsApp and any other person or entity whose assistance may facilitate execution of this Order to provide prior notice to the applicant and the Drug Enforcement Administration before terminating or changing service to the WhatsApp account 52-638-105-1269.

20.     The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

21.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice.

22.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

23.     The United States further requests that the Clerk of the Court  provide the United

States Attorney's Office with a certified copy of this application and Order, and provide certified copies of the resulting Order to the Drug Enforcement Administration and WhatsApp upon request.

24. The foregoing is based on information provided to me in my official capacity by agents of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 16, 2022.

                                                /s/Debra M. Walsh
                                                Debra M. Walsh
                                                Assistant United States Attorney
                                                NY Bar Association #2369627
                                                53 Pleasant St., 4th Floor
                                                Concord, NH 03301
                                                603-230-2535
                                                deb.walsh@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR NEW HAMPSHIRE

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE ON WHATSAPP ACCOUNT 52-638-105-1269 | Misc. No. _____<br><br>**Filed Under Seal** |

ORDER

Assistant United States Attorney Debra M. Walsh, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and a trap and trace device ("pen/trap device") on the WhatsApp account 52-638-105-1269.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration in connection with possible violations of Title 21, United States Code, section 841(a)(1) - Distribution of a Controlled Substance and Title 21 United States Code, sections 841(a)(1) and 846 – Conspiracy to Distribute a Controlled Substance.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the Drug Enforcement Administration may install and use a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication to or from WhatsApp account 52-638-105-1269, including, without geographic limit: the date and time of the communication; source and destination information (including

account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that WhatsApp LLC ("WhatsApp") and any other person or entity providing electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide such necessary information, facilities, and technical assistance so that the Drug Enforcement Administration begins to receive the information described above no later than 14 days after service of the Order upon WhatsApp;

IT IS FURTHER ORDERED that the Drug Enforcement Administration reasonably compensate WhatsApp and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that WhatsApp and any other person or entity whose assistance may facilitate execution of this Order provide prior notice to the Drug Enforcement Administration before terminating or changing service to WhatsApp account 52-638-105-1269;

IT IS FURTHER ORDERED that the Drug Enforcement Administration and the applicant have access to the information collected by the pen/trap device as soon as practicable,

twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that WhatsApp and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen/trap device, or the investigation to any person, unless and until otherwise ordered by the Court, except that WhatsApp may disclose this Order to an attorney for WhatsApp for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with a certified copy of this application and Order, and shall provide certified copies of this Order to the Drug Enforcement Administration and WhatsApp upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

_____                              _____
Date                                                                        Andrea K. Johnstone
                                                                                   United States Magistrate Judge